IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANTOLIN ANDREWS,

    Plaintiff,                    No. CIV S-03-1785 FCD DAD P

    vs.

N. GRANNIS, et al.,

    Defendants.                ORDER

_____/

        Plaintiff Antolin Andrews has filed a motion to reopen this case based on an intervening change in law. Plaintiff provides a copy of the Ninth Circuit opinion filed February 11, 2005, in Antolin Andrews v. V.R. King, No. 02-17440 (on appeal from case No. CIV S-01-2316 GEB GGH P (E.D. Cal.)). The opinion cited by plaintiff was amended on February 22, 2005, and has been published. See Andrews v. King, 398 F.3d 1113 (9th Cir. 2005).

        When a court announces a new rule and applies it to the parties before it, the new rule must be applied to all pending cases. Harper v. Virginia Dep't of Taxation, 509 U.S. 86 (1993); James B. Beam Distilling Co. v. Georgia, 501 U.S. 529 (1991). The retroactivity rule does not apply to closed cases. Harper, 509 U.S. at 97 (requiring retroactive application of new rules only to "cases still open on direct review"); James B. Beam, 501 U.S. at 541 ("[A] new rule cannot reopen the door already closed."). In his motion to reopen this case, plaintiff states that

the appeal in this matter has been withdrawn. (Pl.'s Mot. to Reopen at 3.) The appellate docket reflects that plaintiff's appeal was dismissed for failure to prosecute on December 30, 2004.[1] Any new rules announced in Andrews v. King cannot be applied to this closed case by operation of the retroactivity rule.

The court deems plaintiff's motion to be a second motion for relief pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. Rule 60(b) provides for relief for

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Fed. R. Civ. P. 60(b). Plaintiff does not seek to reopen this case on the grounds of mistake, inadvertence, surprise, excusable neglect, newly discovered evidence, or fraud. A judgment is void for purposes of subsection (4) only when the judgment was issued without subject matter jurisdiction or the court acted in a manner inconsistent with due process of law. Watts v. Pinckney, 752 F.2d 406, 409 (9th Cir. 1985). For purposes of subsection (5), "a change in the applicable law after a judgment has become final in all respects is not a sufficient basis for vacating the judgment." Tomlin v. McDaniel, 865 F.2d 209, 210 (9th Cir. 1989). See also Clifton v. Attorney Gen'l of Calif., 997 F.2d 660, 665 (9th Cir. 1993) (same). Similarly, a change in the law, by itself, is not an extraordinary circumstance that justifies the application of subsection (6). Clifton, 997 F.2d at 665; Tomlin, 865 F.2d at 210-11.

---

[1] On January 18, 2005, plaintiff filed a motion to reinstate the appeal and consolidate it with other appeals. The court denied the motion on January 28, 2005, and advised plaintiff that no motion to reinstate would be entertained unless it was accompanied by plaintiff's response to the court's November 1, 2004, order to show cause and verification of fee payment. The docket entry made on receipt of plaintiff's renewed motion on February 15, 2005, notes "fee still due." The Ninth Circuit did not entertain the renewed motion and did not reinstate the appeal.

1  Moreover, the change in law cited by plaintiff in this case does not justify relief
2 from judgment because the application of King would not result in a different outcome. In King,
3 the district court granted plaintiff's motion to proceed in forma pauperis. The defendants moved
4 for summary judgment on the ground that plaintiff had suffered three strikes prior to bringing the
5 action and was therefore precluded from proceeding in forma pauperis. The district court granted
6 the motion, ruling that plaintiff had failed to demonstrate that he did not have three strikes under
7 § 1915(g). 398 F.3d at 1116. Id. The Ninth Circuit observed that

> [w]hether the burden of establishing the existence or nonexistence of three strikes rests with the defendant or with the prisoner-plaintiff is an issue of first impression in this circuit. We hold that when the defendant challenges a prisoner's right to proceed *IFP*, the defendant bears the burden of producing sufficient evidence to establish that § 1915(g) bars the plaintiff's *IFP* status. Once the defendant has made out a prima facie case, the burden shifts to the plaintiff to persuade the court that § 1915(g) does not apply. Because here the defendants did not meet their initial burden, we reverse the district court's dismissal of Andrews' complaint and remand for further proceedings.

14 Id. Plaintiff misreads King as holding that § 1915(g) is an affirmative defense that must be
15 raised and proved by the defendants. Plaintiff is in error. The Ninth Circuit decided in King that
16 § 1915(g) does not impose a pleading requirement and does not obligate prisoners to
17 affirmatively show that they are not subject to the three strikes provision of § 1915(g). Id. at
18 1119. Consequently, "if defendants challenge a prisoner-plaintiff's *IFP* status, then the initial
19 burden rests with the defendants" to produce court records or other documentation that will allow
20 the district court to determine whether a dismissal counts as a strike. Id. at 1120. The Ninth
21 Circuit does not characterize the § 1915(g) bar as an affirmative defense, and the court states that
22 "once a prisoner has been placed on notice of [his] potential disqualification under § 1915(g) <u>by
23 either the district court or the defendant</u>, the prisoner bears the ultimate burden of persuading the
24 court that § 1915(g) does not preclude *IFP* status." Id. (emphasis added).
25  In the present case, the court did not impose a pleading requirement on the
26 plaintiff and did not require him to affirmatively show that he was not subject to the three strikes

provision of § 1915(g) when he brought this case on August 28, 2003. The magistrate judge applied § 1915(g) when reviewing plaintiff's application for leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. The court shouldered the initial burden of producing evidence that § 1915(g) precludes plaintiff from proceeding in forma pauperis in this case. The magistrate judge cited four cases dismissed prior to August 28, 2003, as frivolous, malicious, or for failure to state a claim. (Findings and Recommendations filed Sept. 4, 2003, at 3-4.) As the Ninth Circuit observed in King, [i]n some instances, the district court docket records may be sufficient to show that a prior dismissal satisfies at least one of the criteria under § 1915(g) and therefore counts as a strike." 398 F.3d at 1120. Plaintiff was placed on notice of his potential disqualification under § 1915(g), and the burden shifted to him to rebut the court's showing and persuade the court that § 1915(g) does not apply. He failed to do so in his objections to findings and recommendations. In response to plaintiff's first motion for relief from judgment, this court noted a fifth case dismissed prior to August 28, 2003, for failure to state a claim.

Plaintiff claims that King has eliminated all of the strikes relied upon by this court. Plaintiff is again in error. The decision in King calls into question only one of the four dismissals noted in the magistrate judge's findings and recommendations and the additional dismissal noted in this court's order denying plaintiff's first motion for relief from judgment. The Ninth Circuit has ruled that "dismissals of actions brought while a plaintiff was in the custody of the INS do not count as 'strikes' within the meaning of § 1915(g), so long as the detainee did not also face criminal charges." 398 F.3d at 1121-22. The court in King noted that on remand plaintiff would bear the burden of establishing that he was in INS custody and was not facing criminal charges when he filed Rudder v. Vargas & Associates, Rudder v. Revitz, and a third Rudder case not cited by this court.[2] Id. at 1122. Justice does not require the reopening of

---

[2] The docket for case No. CIV S-01-2316 GEB GGH P reflects that plaintiff has not made such a record in King on remand. Instead, plaintiff has requested voluntary dismissal of that action.

this case for the purpose of providing plaintiff with an opportunity to establish that he was in INS custody and was not facing criminal charges when he filed the Rudder cases. The magistrate judge cited three cases that were not at issue in King. All three of the cases cited by the magistrate judge here were dismissed prior to the filing of this case, all three were brought while plaintiff was confined in state prisons in California, all three were dismissed for one or more of the reasons specified in § 1915(g), and all three have been affirmed on appeal.

Relief is warranted under Rule 60(b)(6) only if extraordinary circumstances exist. Ackermann v. United States, 340 U.S. 193, 199-201 (1950); Maraziti v. Thorpe, 52 F.3d 252, 254 (9th Cir. 1995). Such circumstances have not been shown in this case. The court will exercise its discretion to deny plaintiff's motion to reopen. See Yusov v. Yusuf, 892 F.2d 784, 787 (9th Cir. 1989); Thompson v. Housing Auth. of Los Angeles, 782 F.2d 829, 832 (9th Cir. 1986); Savarese v. Edrick Transfer & Storage, 513 F.2d 140, 146 (9th Cir. 1975); Rodriguez v. Bowen, 678 F. Supp. 1456, 1458 (E.D. Cal. 1988).

Accordingly, IT IS HEREBY ORDERED that plaintiff's February 23, 2005 motion to reopen is denied.

DATED: August 31, 2005

/s/ Frank C. Damrell Jr.
FRANK C. DAMRELL JR.
United States District Judge